IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : : | JURY TRIAL DEMAND |
| CHILDREN'S HEALTHCARE OF ATLANTA, INC., | : : : | |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to DeMaurius Jackson ("Jackson"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Children's Healthcare of Atlanta, Inc. ("Defendant") engaged in intentional discrimination against Jackson when it failed to provide him with a reasonable accommodation because his sincerely held religious beliefs conflicted with a work requirement and instead terminated him, in violation of Title VII.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the City of Atlanta and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Jackson filed a Charge of Discrimination with the EEOC alleging violations of Title VII by Defendant.

7.      On June 16, 2022, the EEOC issued to Defendant a Letter of Determination on Jackson's Charge of Discrimination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      On August 10, 2022, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least November 2019, Defendant has engaged in unlawful employment practices in violation of Title VII.

11. Defendant is a pediatric healthcare system located in Atlanta, Georgia.

12. Jackson is a practicing member of the Jewish faith, and a member of the New Covenant Congregation of Israel.

13. Jackson began working for Defendant as a maintenance assistant on or about May 2, 2016.

14. Jackson's position as a maintenance assistant primarily consisted of groundskeeping, was confined to parking lots, required minimal interaction with the public, took place outside, and did not involve close proximity to patients, visitors, or staff.

15. In or about November 2016, Jackson converted to Judaism, and his supervisor began trying to convince Jackson not to convert, telling him he was not a "real Jew," calling him a gentile, and purposefully ordering pork products for employee appreciation lunches despite Jackson's objections. In accordance with Jackson's religious beliefs, he does not eat pork.

16. In accordance with his sincerely held religious beliefs, Jackson requested a religious accommodation from Defendant's mandatory influenza vaccination policy, in the form of an exemption, in 2017 and 2018.

17. Defendant granted Jackson's request for a religious accommodation in 2017 and 2018, and he was not required to be immunized against the influenza virus under Defendant's policy in 2017 or 2018.

18. On or about October 28, 2019, Jackson again requested a flu vaccine exemption, in accordance with his sincerely held religious beliefs and Defendant's influenza policy.

19. Jackson's request was reviewed by Defendant's Flu Exemption Committee. On or about November 21, 2019, Defendant denied Jackson's request for a religious accommodation.

20. Jackson resubmitted his request and/or appealed the denial of his request for a religious accommodation to Defendant.

21. Jackson subsequently received a call from Defendant's Employee Health Manager asking him to elaborate on his sincerely held religious beliefs, which Jackson did, to no avail.

22. On or about December 2, 2019, Defendant denied Jackson's appeal.

23. On or about December 6, 2019, Defendant discharged Jackson because of his failure to obtain the flu vaccination.

24. On or about December 6, 2019, Defendant confiscated Jackson's keys, badge, and Defendant's security personnel escorted him from the premises.

25. Prior to his termination, Jackson applied for open positions with Defendant, including at least one position at a non-clinical location.

26. On or about December 6, 2019, Jackson received an inquiry from a Defendant representative regarding one of his applications, and Jackson reiterated his interest in the position, but the Defendant representative hung up on Jackson and never scheduled an interview with Jackson upon learning that Jackson had been terminated.

27. Defendant granted seven exemptions to its flu vaccine policy for religious reasons in 2019.

28. Defendant failed to follow its own influenza policy disciplinary procedures with respect to firing Jackson.

29. Upon information and belief, Defendant hired a non-Jewish individual who received the flu vaccination to replace Jackson.

30. Defendant did not offer Jackson a reasonable accommodation for the conflict between his sincerely held religious beliefs and its flu vaccine policy.

31. Providing the accommodation of granting a flu vaccine exemption to Jackson would not have been an undue burden on Defendant.

32. The effect of the practices complained of above have been to deprive Jackson of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

33. The unlawful employment practices complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to Jackson's federally protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from discriminating against its employees on the basis of their religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who need an accommodation for their sincerely held religious beliefs and practices, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Jackson whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Jackson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E. Order Defendant to make Jackson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Jackson for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

ROBYN M. FLEGAL
Supervisory Trial Attorney

*/s/ Fahad A. Khan*
Fahad A. Khan
Trial Attorney
Georgia Bar No. 442892
fahad.khan@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(470) 531-4811
(404) 562-6905 (facsimile)