IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HEALTHCARE OF ATLANTA, INC.,<br><br>Defendant. | Civil Action No.<br>1:22-cv-04953-MLB-RDC |

**DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Children's Healthcare of Atlanta, Inc. ("Children's Healthcare" or "Defendant") by and through its undersigned counsel, hereby files its Amended Answer and Affirmative and Other Defenses to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant admits that Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights act of 1964, and that this Court has jurisdiction over these claims. Except as specifically admitted, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Responding to Paragraph 2 of the Complaint, Defendant admits that

1

venue is proper in the Northern District of Georgia, Atlanta Division. Except as specifically admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant admits it is an employer.

## ADMINISTRATIVE PROCEDURES

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Responding to Paragraph 7 of the Complaint, Defendant admits that on June 16, 2022 the EEOC issued Defendant a letter of determination inviting the parties to engage in conciliation. Defendant denies that it engaged in any unlawful employment practices or that any relief was proper. Except as specifically admitted, Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that on August 10, 2022, the EEOC issued to Defendant a Notice of Failure of Conciliation and that no further efforts to conciliate the case would be made by the EEOC. Except as specifically admitted, Defendant

denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 states a legal conclusion to which no response is required by Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

## STATEMENT OF CLAIMS

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Responding to Paragraph 11 of the Complaint, Defendant admits it is a domestic non-profit corporation that provides pediatric healthcare services throughout the State of Georgia. Except as specifically admitted, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Responding to Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Responding to Paragraph 16 of the Complaint, Defendant admits that Mr. Jackson requested a religious accommodation from Defendant's influenza vaccination policy in 2017 and 2018. Defendant lacks knowledge or information

sufficient to admit or deny the remaining allegations, and therefore denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Responding to Paragraph 18 of the Complaint, Defendant admits that on or around October 28, 2019, Mr. Jackson requested a religious accommodation from Defendant's influenza vaccination policy. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that it terminated Mr. Jackson's employment on or around December 6, 2019 for violation of Company policy. Except as specifically admitted, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Responding to Paragraph 24 of the Complaint, Defendant admits that on or about December 6, 2019, Defendant obtained Mr. Jackson's keys and badge. Except as specifically admitted, Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Responding to Paragraph 25 of the Complaint, Defendant admits that Mr. Jackson applied to open positions with Defendant prior to his termination. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations, and therefore denies the allegations.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant admits the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

## **PRAYER FOR RELIEF**

In response to Plaintiff's Prayer For Relief that appears after Paragraph 34 in Plaintiff's Complaint, Defendants denies that Plaintiff is entitled to any remedy or relief of any kind, including the specific relief sought in the sub-paragraphs A through H therein. Defendant denies the propriety of each and every prayer or

request for relief, and Defendant requests that the Court deny the requested relief.

## GENERAL DENIAL

Any allegations contained in the Complaint that Defendant did not specifically admit are expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby states the following affirmative and additional defenses to Plaintiff's Complaint as follows, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted.

## FIRST DEFENSE

Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

## SECOND DEFENSE

Children's provided reasonable accommodations for Mr. Jackson's alleged religious beliefs, or in the alternative, to the extent Mr. Jackson sought an accommodation for his alleged religious beliefs which was denied, such accommodation(s) were unreasonable and/or would have posed an undue hardship on Children's.

### THIRD DEFENSE

Any actions or decision(s) taken with respect to Mr. Jackson's employment, including the terms and conditions thereof, were made in a legitimate, non-discriminatory and non-retaliatory manner and for legitimate, non-discriminatory and non-retaliatory business reasons.

### FOURTH DEFENSE

Defendant, at all relevant times, would have taken the same action(s) solely based on legitimate, non-discriminatory and non-retaliatory reasons, regardless of Mr. Jackson's alleged religious beliefs or any other alleged discriminatory or retaliatory motives and in the absence of any allegedly impermissible factors.

### FIFTH DEFENSE

Plaintiff cannot recover punitive damages as any such alleged damages would be contrary to Children's good faith efforts to comply with applicable law. *See Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

### SIXTH DEFENSE

Plaintiff's request for an award of damages should be offset, in whole or in part, based on Mr. Jackson's failure to mitigate his alleged damages, and/or to the extent that Mr. Jackson successfully mitigated his damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Children's actions were privileged, justified, or necessary.

## EIGHTH DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the applicable statute of limitations or are otherwise untimely.

## NINTH DEFENSE

To the extent Plaintiff's claims concern events alleged to have occurred more than 180 days before filing of Mr. Jackson's Charge of Discrimination with the EEOC, the claims are barred as untimely.

## TENTH DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by Mr. Jackson's failure to exhaust administrative remedies.

## ELEVENTH DEFENSE

The Complaint may be barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel and/or waiver.

## TWELFTH DEFENSE

Children's exercised reasonable care to prevent and promptly remedy any alleged discrimination or retaliation from occurring, and Mr. Jackson unreasonably

failed to take advantage of any preventative or corrective opportunities.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer to add additional defenses or counterclaims which may become known during discovery or trial.

WHEREFORE having fully answered the Complaint, Defendant respectfully requests that:

(a) Judgment be entered in its favor and all claims asserted in this action be dismissed with prejudice;

(b) Judgment be entered against Plaintiff in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defense of this action; and

(c) The Court grants Defendant such other relief as the Court may deem just and proper.

[Signature Page Follows]

Dated: March 10, 2023.	Respectfully submitted,

/s/ *Owen T. Hill*
Owen T. Hill
Georgia Bar No. 354393
ohill@littler.com
Philip L. Lu
Georgia Bar No. 890037
plu@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:	404.233.0330
Facsimile:	404.233.2361

Attorneys for Defendant
CHILDREN'S HEALTHCARE OF ATLANTA, INC.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CHILDREN'S HEALTHCARE OF ATLANTA, INC.,<br><br>    Defendant. | Civil Action No.<br>1:22-cv-04953-MLB-RDC |

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing **DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court via the CM/ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including:

Fahad A. Khan
Fahad.khan@eeoc.gov
Gwendolyn Young Reams
Christopher Lage
Marcus G. Keegan
Lakisha Duckett Zimbabwe
Robyn M. Flegal

U.S. Equal Employment Opportunity Commission, Atlanta District Office
100 Alabama St., SW
Suite 4R30
Atlanta, GA 30303

*/s/ Owen T. Hill*
Owen T. Hill
Georgia Bar No. 354393
Attorney for Defendant

11