IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HEALTHCARE OF ATLANTA, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:22-CV-04953-MLB-RDC |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Children's Healthcare of Atlanta, Inc. ("Defendant" or "Children's") discriminated against DeMaurius Jackson ("Jackson") when it failed to reasonably accommodate Jackson's sincerely held religious beliefs and instead terminated his employment. Defendant has at all times denied the allegations in the Complaint.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the Court's approval of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) this Consent Decree resolves all claims and matters in controversy asserted in this action by the Commission or that could have been asserted in this action by the Commission, as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant shall not engage in any unlawful employment practices which discriminate because of religion or deny any employee or prospective employee reasonable religious accommodations from its employment requirements provided that such accommodations do not cause undue burden/hardship on Defendant's business.

2. Defendant shall not unlawfully retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Jackson a total gross settlement amount of $45,000 in settlement of the claims raised in this action, with thirty percent (30%) of the gross settlement to be treated as wages subject to withholdings. Payment shall be made within fourteen (14) business days after the Court approves this Consent Decree. Defendant shall send the settlement check(s) to Jackson via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Jackson.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jackson may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

   a. Within ten (10) business days after the Court approves this Consent Decree, Defendant agrees to provide to the EEOC (1) the Respondent/Employer's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

   b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

   c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

   d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

   e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this

agreement qualify for a deduction under the Internal Revenue Code.

4. If Jackson does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. Defendant shall provide Jackson with a neutral letter of reference using the form attached hereto as **Exhibit A**. Within ten (10) business days after the Court approves this Consent Decree, the original, signed letter of reference shall be provided to Jackson at an address to be provided by the Commission. Jackson is free to disseminate the letter to potential employers. Defendant shall maintain a copy of the neutral letter in Jackson's personnel file.

6. Within ten (10) business days after the Court approves this Consent Decree, Defendant shall remove from the personnel file of Jackson any and all documents, entries, or references to EEOC Charge Number 410-2020-01762, this litigation, or the request for religious accommodation made by Jackson and any discipline related thereto which led to the filing of this Charge and litigation. Within

ten (10) business days after the Court approves this Consent Decree, Defendant shall report compliance with this provision to the Commission.

7. During the term of this Consent Decree, Defendant shall revise its mandatory influenza vaccine policy to include the Title VII compliance language set forth in **Exhibit B** (the "Policy"). Copies of the Policy shall be made accessible to all of Defendant's employees, in the same manner that Defendant regularly makes policies accessible, including through posting the Policy on any Children's intranet platform on which Defendant makes policies accessible, within thirty (30) days of after the Court approves this Consent Decree. Within forty-five (45) days after the Court approves this Consent Decree, Defendant shall report compliance with this provision to the Commission.

8. During the term of this Consent Decree, Defendant shall provide a mandatory training program to any employee tasked with receiving, processing, or evaluating requests for religious accommodations to Children's influenza vaccine policy. If during the tenure of the Consent Decree, additional individuals are tasked with receiving, processing, or evaluating requests for religious accommodations to Children's influenza vaccine policy, such individuals will be provided the training. Each training program shall include, at minimum: (a) an explanation of the Policy referenced in paragraph 7 above; (b) a description of Title VII, the types of conduct

or policies that constitute discrimination because of religion, and the laws protecting employees from religious discrimination or retaliation; and (c) an explanation of the circumstances that may entitle an employee to a religious accommodation.

The training program shall be completed within ninety (90) days after the Court approves this Consent Decree. If during the tenure of the Consent Decree, additional individuals are tasked with receiving, processing, or evaluating requests for religious accommodations to Children's influenza vaccine policy, the training program will be provided to them within sixty (60) days of such individuals assuming such responsibilities. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the training was provided and shall provide the Commission with a roster of all employees in attendance. Defendant shall submit such certification by electronic mail to EEOC-ATDO-decree-monitoring@eeoc.gov.

9.      Beginning within ten (10) business days after the Court approves this Consent Decree, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit C**, hereby made a part of this Consent Decree, at Scottish Rite in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after

the Court approves this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Jessica Braunstein at Jessica.Braunstein@choa.org. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) business days after the change.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after the Court approves this Consent Decree. The reports will include the following information:

    a. A list of all Children's employees who have submitted a written complaint to Children's Human Resources and/or Compliance alleging incidents of religious discrimination on the basis of failure to accommodate requests for exemption from Children's influenza vaccine policy, including each person's name, address, telephone number, position title at the time of their complaint, employment status

at the time of their complaint, position title at the time of the report, and employment status at the time of the report;

b. for each individual identified in 11.a above, an explanation of what actions were taken by Defendant in response to the individual's written complaint; and

c. For each individual identified in 11.a. as no longer being employed by Children's, identification if their employment ended for failure to comply with Children's influenza vaccine policy.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) [EEOC-ATDO-decree-monitoring@eeoc.gov](mailto:EEOC-ATDO-decree-monitoring@eeoc.gov); or (2) by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, GA 30303

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with reasonable prior notice, inspect

Defendant's employee intranet for compliance and examine and request copies of documents relevant to Defendant's compliance under this Consent Decree.

14. If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. This Consent Decree shall be in effect for a period of eighteen (18) months after the Court approves this Consent Decree.

16. After the Court approves this Consent Decree, this action shall be administratively closed. The terms of this Consent Decree shall be treated as the equivalent of a final decree or order within the meaning of the Federal Rules of Civil Procedure as to any and all claims asserted in this action. This Court shall retain jurisdiction of this case for purposes of resolving any disputes between the Parties related to the Consent Decree and/or enforcing its terms, and entry of such further orders as may be necessary and appropriate.

17. Each party shall bear its own costs and attorney's fees.

SO ORDERED this 21st day of December, 2023.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CHILDREN'S HEALTHCARE OF ATLANTA, INC. |
|---|---|
| KARLA GILBRIDE<br>General Counsel | */s/ Owen T. Hill (w.e.p.)*<br>Owen T. Hill<br>Georgia Bar No. 354393<br>ohill@littler.com |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| | Lauren E. L. Tilashalski<br>Georgia Bar No. 595090<br>ltilashalski@littler.com |
| MARCUS KEEGAN<br>Regional Attorney | |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | LITTLER MENDELSON, P.C.<br>3424 Peachtree Road N.E.<br>Suite 1200<br>Atlanta, GA 30326.1127<br>Telephone: 404.233.0330<br>Facsimile: 404.233.2361 |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | |
| */s/ Fahad A. Khan*<br>Fahad A. Khan<br>Trial Attorney<br>Georgia Bar No. 442892<br>fahad.khan@eeoc.gov | *Counsel for Defendant* |

U.S. Equal Employment Opportunity Commission
Atlanta District Office

100 Alabama St. SW, Suite 4R30
Telephone: (470) 531-4811
Facsimile: (404) 562-6905

*Counsel for Plaintiff*

# **EXHIBIT A**

[Company Letterhead]

To Whom it May Concern:

    Children's Healthcare of Atlanta, Inc. is a healthcare system providing inpatient and outpatient services to children in Atlanta, Georgia. Mr. DeMaurius Jackson was employed by Children's as a Maintenance Assistant at its Scottish Rite facility from May 2, 2016 until December 6, 2019. We wish Mr. Jackson the best in his future endeavors.

                                          Sincerely,

                                          [Name]

## EXHIBIT B

## RELIGIOUS RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Children's Healthcare of Atlanta, Inc. ("Children's") is committed to respecting the religious rights of its employees under Title VII of the Civil Rights Act of 1964. An employee whose job entails exclusively remote work or exclusively work away from the presence of any Children's employee or patient, will be initially presumed eligible for a religious exemption from Children's' annual Influenza Vaccination Program upon a showing of a sincerely-held religious belief precluding influenza vaccination. Upon such a showing by such an employee, Children's may deny their exemption request only upon written explanation of the grounds for denial.

Upon any denial of a religious exemption request to the annual Influenza Vaccination Program made by an employee referenced above, Children's will provide any such employee who chooses to forego vaccination with direction as to where the employee can access current job openings within Children's. Children's will place the employee on an unpaid leave for a period of thirty (30) days from the employee's final deadline to comply with the Influenza Vaccination Program while the employee pursues alternative positions at Children's. In evaluating any such application, Children's will not take into consideration the employee's request and/or need for a religious exemption from the annual Influenza Vaccination Policy, other than to determine if the employee is able to perform the position for which they applied with or without a religious exemption.

Nothing in this policy shall prohibit Children's from conditioning the granting of any vaccine exemption request on appropriate masking, social distancing, any other disease control practice or requirement, or any other patient safety measures.

# EXHIBIT C



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### EMPLOYEE NOTICE

1.      This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Children's Healthcare of Atlanta, Inc. ("Children's") arising out of a lawsuit. While Children's has at all times denied the allegations in the lawsuit, it has agreed to post the following notice.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      Children's will comply with such federal law in all respects. Furthermore, Children's will not take any unlawful actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

5.      This Notice will remain posted for at least eighteen (18) months after Court approves the Consent Decree made in agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2025.